Mr. Justice James
delivered the opinion the Court:
The bill in this case states that while certain lots on Massachusetts avenue were owned by Webb and another, a jury was summoned to condemn an alley through the square, taking a part of this property and a part of an adjoining lot; that no notice was given to the owners, and that for want of such notice the jury had no jurisdiction to condemn; that without any knowledge even of the fact, or *355 any constructive notice by record, there had been a proceeding to condemn the alley; the complainant had purchased the property, and that, therefore, the proceedings for condemnation were, as against him, a nullity. It is alleged that nevertheless they constitute a cloud upon his title, and the bill prays that the alleged condemnation be decreed to be void as to his lots, and the record thereof cancelled.
Where the title is derived from proceedings for condemnation, it would be necessary, in a suit to establish' that title, to prove all facts necessary to the jurisdiction to condemn, and among these notice to and an opportunity to be heard on the part of the original owners. But when the active interposition of a court of equity is asked, and the relief sought is the annulment of the condemnation, it is for the party asking that kind of relief to show that the proceedings were illegal. Accordingly it is for the complainant to show that the jury proceeded in this case without notice to the lot owners from whom he purchased. We have examined the evidence on this point and do not find it sufficient-.
It appears that complainant had, before he filed this bill, sold to Carusi the whole of his said lot, except so much as was included in this alley; and that his deed to Carusi described the property as bounding thereon. This did not constitute a dedication of the land as a public alley, but it did give to the grantee an easement, for the enjoyment of which the alley must remain open to use by Carusi and his assigns.
The strip subject to this easement is all that remains in the complainant, and it is only to remove a cloud upon his title to the land thus subject that this relief is asked. We think that, even if the condemnation proceedings had been shown to be without jurisdiction, equity should not be asked to interfere actively, when the land must remain open to the easement created by the complainant.
The decree is reversed and the bill is-dismissed.]